**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LINDA WILDER, | ) | CASE NO. 1:24-cv-01583 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHARLES E. FLEMING |
| v. | ) | |
| | ) | |
| WAYNE COUNTY, OHIO, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | |

Before the Court is Defendants Wayne County, Ohio ("Wayne County") and Judy Beichler ("Ms. Beichler") (collectively, "Defendants") motion for judgment on the pleadings. (ECF No. 20). For the reasons stated within, Defendants' motion is **GRANTED**. This matter is **DISMISSED WITH PREJUDICE**.

## I.      FACTUAL BACKGROUND

Defendant Wayne County employed Plaintiff as a registered nurse for around six years. (ECF No. 1, PageID #1). On August 7, 2024, Defendants placed Plaintiff on paid administrative leave pending investigation of incidents alleged to have occurred on July 12 and August 7, 2024. (*Id.* at PageID #3). On August 19, 2024, Defendants served Plaintiff with a notice of pre-disciplinary hearing for the July and August incidents, which included six charges related to medication administration, storage procedures, and patient safety measures. (ECF No. 17-2). The first notice stated that a pre-disciplinary conference was scheduled on August 20, 2024 at 2:00 p.m. (*Id.*). On August 20, 2024, Plaintiff requested an extension of time for the pre-disciplinary hearing scheduled that day. (ECF No. 1, PageID #4). In response, Barb Winey, HR Director of the Wayne County Commissioners ("Ms. Winey") explained that the pre-disciplinary hearing would move forward unless

1

Plaintiff agreed to be unpaid.  (ECF No. 17-4).  Ms. Winey further explained that Plaintiff's counsel "may submit a written submission" in lieu of Plaintiff's attendance at the hearing. (*Id.*).  Plaintiff agreed to unpaid status and the hearing was rescheduled.  (ECF No. 1, PageID #4).

On August 23, 2024, Plaintiff and counsel began preparing for the pre-disciplinary hearing.  (*Id.*).  On the same date, Defendants served Plaintiff with a second notice of pre-disciplinary hearing, which rescheduled the pre-disciplinary hearing to August 26, 2024. (*Id.* at PageID #4–5; ECF No. 17-3).  The second notice included the six charges listed in the first notice of pre-disciplinary hearing related to medication administration, storage procedures, and patient safety measures, along with an additional seventh charge for "[c]oncealment and/or hiding of a series of med[ical] errors."  (ECF No. 1, PageID #5; ECF No. 17-3, PageID #148).

On August 26, 2024, the pre-disciplinary hearing commenced.  (ECF No 1, PageID #6).  Plaintiff attended with counsel.  (*Id.*).  After a disagreement between Plaintiff's counsel and Ms. Winey, Plaintiff's counsel withdrew from the conference.  (*Id.*).  Plaintiff, believing that she was denied the right to representation in the hearing, also withdrew from the conference.  (*Id.*).  Soon after withdrawing from the hearing, Plaintiff's counsel contacted the Assistant Prosecuting Attorney regarding the incident by phone and email. (*Id.* at PageID #7; ECF No. 1-2).  On August 30, 2024, Defendants restored Plaintiff to payroll.  (ECF No. 1, PageID #8).  On September 11, 2024, Defendants informed Plaintiff that it imposed a two-day unpaid suspension based on findings for five of the seven charges levied against her in the second notice of pre-disciplinary hearing.  (*Id.* at PageID #9).

## II.    PROCEDURAL HISTORY

On September 16, 2024, Plaintiff filed a complaint against Wayne County and Ms. Beichler as Administrator and senior-most member of the Wayne County Care Center. (*Id.* at PageID #1–2). On November 15, 2024, Defendants filed an answer to Plaintiff's complaint, which Defendants later amended on December 2, 2024. (ECF Nos. 5, 8). On February 24, 2025, Defendants moved for judgment on the pleadings. (ECF No. 20). On April 18, 2025, Plaintiff opposed Defendants' motion. (ECF No. 25). On May 1, 2025, Defendants filed a reply in support of their motion. (ECF No. 28).

## III.   LEGAL STANDARD

After the pleadings are closed, a party may move for judgment on the pleadings under Fed. R. Civ. P. 12(c), which is essentially a delayed motion to dismiss under Rule 12(b)(6) and is evaluated under the same standards. *See Anders v. Cuevas*, 984 F.3d 1166, 1174 (2021). When deciding a motion for judgment on the pleadings under Rule 12(c), the Court considers the pleadings, which includes the complaint, answer, and any written instruments attached as exhibits. *Roe v. Amazon.com*, 170 F. Supp. 3d 1028, 1032 (S.D. Ohio 2016), *aff'd*, 714 F. App'x 565 (6th Cir. 2017); Fed. R. Civ. P. 12(c); Fed. R. Civ. P. 7(a)); Fed. R. Civ. P. 10(c).[1]

---

[1] Generally, if a party presents matters outside the pleadings, the Court must treat the motion "as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Even so, the Court may consider documents attached to the plaintiff's complaint if they are referred to in the complaint and central to the claims stated therein. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). The Court may also consider exhibits attached to a defendant's answer when they are integral to the claims and their authenticity is undisputed. *Rinear v. Cap. Mgmt. Servs., L.P.*, No. 1:12-CV-958, 2013 WL 1131069, at *2 (S.D. Ohio Mar. 18, 2013). Here, there are several exhibits attached to both Plaintiff's complaint and Defendants amended answer. With the above strictures in mind, the Court considers the following exhibits attached to Plaintiff's complaint as referenced within and central to Plaintiff's claims: Section 10 of Wanye County's discipline policy (the "Discipline Policy") and the email communication from S. David Worhatch to Thomas M. McCarthy, Wayne County Prosecutor, dated August 26, 2024. (ECF Nos. 1-1, 1-2). The Court also considers the following exhibits attached to Defendant's answer as integral to Plaintiff's claims and without dispute for their authenticity in the parties respective briefs: the pre-disciplinary notice issued on August 19, 2024, the pre-disciplinary notice issued on August 23, 2024, and the email communication from Ms. Winey to Joy Wager dated August 20,

Judgment on the pleadings is appropriate where, construing the material allegations of the pleadings and all reasonable inferences in the light most favorable to the non-moving party, the Court concludes that the moving party is entitled to judgment as a matter of law. *Anders*, 984 F.3d at 1174. In construing the pleadings, the Court accepts the factual allegations of the non-movant as true, but not unwarranted inferences or legal conclusions. *Holland v. FCA US LLC*, 656 F. App'x 232, 236–37 (6th Cir. 2016) (citing *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)). Only "well-pleaded factual allegations" that "plausibly give rise to an entitlement of relief" and "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" will survive. *Bates v. Green Farms Condo. Assoc.*, 958 F.3d 470, 480 (6th Cir. 2020) (citing *Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017)) (quotation and citation omitted).

## IV.    DISCUSSION

Plaintiff asserts two claims against Defendants: (1) deprivation of civil rights under 42 U.S.C. § 1983, and (2) declaratory relief under 28 U.S.C. §§ 2201, *et seq*. (ECF No. 1, PageID #12–13). In sum, Plaintiff alleges that her procedural right to due process was violated at the August 26, 2024 pre-disciplinary hearing and the "findings" against her that were decided thereafter should be void *ab initio*, purged from her personnel file, and a subsequent pre-disciplinary hearing ordered. (*Id.* at PageID #14–15).

### A.  Due Process Claim

The Court will begin its analysis by addressing whether Defendants provided Plaintiff with adequate due process under the Fourteenth Amendment of the U.S.

---

2024 along with the corresponding letter attached. (ECF Nos., 17-2, 17-3, 17-4). Thus, the Court will consider the aforementioned documents without converting Defendants motion to one for summary judgment.

Constitution.  Plaintiff alleges that Defendants violated her procedural due process rights by failing to provide a pre-disciplinary hearing prior to subjecting her to disciplinary action by suspension.  (*Id.* at PageID #9–13).  In support of dismissal, Defendants argue that Plaintiff received the minimal due process protections she was due.  (ECF No. 20, PageID #173).

The Fourteenth Amendment states, "[n]o State shall...deprive any person of life, liberty, or property without due process of law." U.S. Const. amend.  XIV, § 1.  Procedural due process requires "that the government provide a fair procedure when depriving someone of life, liberty, or property." *EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012).

### 1.  Constitutionally Protected Interest

The threshold question of a procedural due process claim is whether Plaintiff has shown that a constitutionally protected property or liberty interest exists.  *Id.* (citations omitted); *Swihart v. Wilkinson*, 209 F. App'x 456, 458 (6th Cir. 2006) (providing that a plaintiff bringing a § 1983 procedural due process claim "must show that the state deprived him or her of a constitutionally protected interest … without due process of law.").  The Supreme Court recognized that O.R.C. § 124.34, which governs the reduction, suspension, removal, or demotion of classified civil service employees in Ohio, creates a property interest in continued employment.  *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538–39 (1985); *see Boals v. Gray*, 775 F.2d 686, 688–89 (6th Cir. 1985); *Hoover v. Radabaugh*, 123 F. Supp. 2d 412, 422 (S.D. Ohio 2000), *aff'd in part, appeal dismissed in part*, 307 F.3d 460 (6th Cir. 2002); *Manning v. Clermont Cnty. Bd. of Comm'rs*, 563 N.E.2d 372, 375 (Ct. App. Ohio 1989).  Under Ohio law, classified service "means the competitive

5

classified civil service of the state, the several counties, cities, city health districts, general health districts, and city school districts of the state, and civil service townships." O.R.C. § 124.01(C). Classified service "comprise[s] all persons in the employ of the state and the several counties, cities, city health districts, general health districts, and city school districts of the state, not specifically included in the unclassified service." O.R.C. § 124.11(B). Certain positions within county hospital systems may be exempt from classified service depending on statutory designation or the nature of the appointment, including positions involving policymaking or board-level authority. *See* O.R.C. § 124.11.

Here, Plaintiff alleges that she is a tenured classified civil servant in her position at the Wayne County Care Center, which offers rehabilitation services, skilled nursing care, and intermediate medical care to residents of Wayne County. (ECF No. 1, PageID #1–2). Plaintiff alleges she served as a registered nurse for Wayne County for six years and was eligible to receive compensation for overtime hours worked. (*Id.*). Plaintiff does not allege that she held a position of policymaking, board-level authority, or any other circumstances that warrant exempted status as a classified servant under Ohio law. Accepting Plaintiff's allegations as true, Plaintiff has alleged sufficient facts to support a claim that she was a classified civil servant and held a constitutionally protected property interest in her employment under O.R.C. § 124.34. Thus, Plaintiff could be suspended without pay only if she was given due process of law that comports with the Due Process Clause.

### 2.  Pre-Deprivation Rights

In support of dismissal, Defendants argue that Plaintiff received the appropriate level of due process owed for a suspension. According to Defendants, "[t]he level of due process owed varies depending on whether the interest deprived was 'significant.'" (ECF

No. 20, PageID #174).  Defendants argue that a short-term suspension, as Plaintiff received here, is not significant under *Loudermill*, so Plaintiff was "owed only a minimal level of due process," which she received.  (*Id.* at PageID #174–75).[2]

In opposition, Plaintiff argues that she did not receive the process she was due. Plaintiff argues that she was entitled to payment throughout the investigatory period, notice of all the charges against her, and representation of her own choosing at the pre-disciplinary hearing.  (ECF No. 27, PageID #274).[3]  Plaintiff states that her "focus on this civil action is on what led to her suspension, viz., the deprivation of her constitutionally guaranteed right to a pre-disciplinary hearing conducted in a manner that respected and protected [her] rights under the County's progressive discipline policy."  (*Id.*).  Plaintiff alleges that the "dispute focuses on whether the pre-disciplinary hearing conducted by [Defendant] was legally sufficient or whether [Plaintiff] waived her right to participate in such a hearing … without giving her a chance to tell her side of the story."  (*Id.* at PageID #275).

To determine what due process is owed, the Court turns to *Loudermill*.  Prior to deprivation of a protected property interest, a public employee is entitled to pre-deprivation

---

[2] Defendants argue that Plaintiff "received only a short-term suspension and was not entitled to the protections she now claims."  (ECF No. 20, PageID #171).  To the extent Defendants argue that Plaintiff does not have a "significant" property interest in continued employment to warrant due process protection, the Court disagrees.  A two-day unpaid suspension can implicate due process concerns.  In *Carter v. Western Reserve Psychiatric Habilitation Center*, the Sixth Circuit, while declining to find a protected interest under the specific facts presented, nevertheless recognized that a two-day suspension without pay can constitute a property deprivation sufficient to trigger due process protections.  767 F.2d 270, 272 f.1. (6th Cir. 1985). This is unsurprising given that "the Supreme Court has looked favorably on the practice of suspending employees with pay to minimize due process issues."  *Kaplan v. Univ. of* Louisville, 10 F.4th 569, 580–81 (6th Cir. 2021).  The Supreme Court's position reinforces the conclusion that Plaintiff's unpaid suspension is more constitutionally significant, thereby implicating a protected property interest and requiring the protections set forth in *Loudermill*.

[3] With regard to the addition of the seventh offense, Plaintiff also alleges that she had no opportunity to "organize any witness(es) or request access to any document(s) to refute it."  ECF No. 1-2, PageID #28). Plaintiff is not entitled to pre-disciplinary discovery; *Loudermill* only requires notice, an explanation of an employer's evidence, and an opportunity to respond.  470 U.S. at 545; *see also Clipps v. City of Cleveland*, 2006 WL 1705130, at *4 (Ohio App. Ct. 2006).  Nor is Plaintiff entitled to confront witnesses.  *Boals*, 775 F.2d at 689.

7

hearing.  *Loudermill*, 470 U.S. at 545.  The hearing "need not be elaborate," and its formality may vary.  *Id*.  In the termination context, *Loudermill* requires the employee be given oral or written notice of the charges against her, an explanation of the employer's evidence, and a meaningful opportunity to present her side of the story.  *Id.* at 545–47. Courts apply the pre-termination standard set forth in *Loudermill* to suspensions.  *See Boals*, 775 F.2d at 690–91.  For example, in *Boals*, the Sixth Circuit indirectly applied *Loudermill*'s standards to analyze a five-day suspension.  *Id.* at 691.  The *Boals* court held that the employee received adequate due process when the employee received notice of a disciplinary issue, an explanation of the employer's evidence, and an opportunity to be heard, just as *Loudermill* requires.  *Id.*

In *Boals*, the Sixth Circuit expressly rejected the additional procedural requirements that the lower court set forth for a short-term suspension.  *Id.* at 689.  The Sixth Circuit disagreed that due process required that the employee receive written notice of charges and evidence before hearing with a neutral administrator, the right to representation and questioning of witnesses, and a written explanation of the administrator's decision.  *Id*.  The Sixth Circuit declined to substitute its own due process requirements under the circumstances.  *Id.* at 690.  Instead, the Sixth Circuit explained that "due process is a flexible concept which necessarily is tailored to the time, place, and circumstances of the relevant property deprivation."  *Id.* (citations omitted).  Although the Sixth Circuit did not proscribe a rule applicable to due process requirements in the suspension context, its analysis is instructive and aligned with *Loudermill*: a public employee is at least entitled to oral or written notice of the charges against her, an

8

explanation of Defendants evidence, and an opportunity to present her side of the story. *Loudermill*, 470 U.S. at 546.

### 3. Notice and Explanation of Employer's Evidence

Plaintiff alleges that she did not receive adequate notice. Plaintiff argues that she received an "eleventh hour" seventh charge in the second notice of pre-disciplinary hearing issued on August 23, 2024. (ECF No. 27, PageID #274). Plaintiff argues that she had "no chance to investigate" or otherwise prepare to dispute the charge before the pre-disciplinary conference scheduled on August 26, 2024, given the weekend between. (ECF No. 1, PageID #4–5; ECF No. 1-2, PageID #29). In support of dismissal, Defendants argue that Plaintiff received two written notices that contained a statement of the disciplinary charges of which she was accused. (ECF No. 20, PageID #175). Defendants further argues that Plaintiff's opportunity to be heard could occur minutes after notice is provided; Plaintiff received notice multiple days before the hearing. (ECF No. 28, PageID #289).

The Court agrees with Defendants: Plaintiff received adequate written notice of the charges against her. On August 19, 2024, Plaintiff received written notice of a pre-disciplinary hearing to be held the next day, Tuesday, August 20, 2024. (ECF No. 1, PageID #3; ECF No. 17-2). The first notice detailed six categories of alleged offenses and charges against her that stemmed from incidents alleged to have occurred on July 12, 2024 and August 7, 2024. (ECF No. 17-2, PageID #146). At Plaintiff's request, the first pre-disciplinary hearing to be held on August 20, 2024 was continued. (ECF No. 1, PageID #4; ECF No. 1-2; ECF No. 17-4).

On Friday, August 23, 2024, Plaintiff received a subsequent written notice of a pre-disciplinary hearing to be held on Monday, August 26, 2024. (ECF No. 1, PageID #4–5;

ECF No. 1-2, PageID #28; ECF No. 17-3).  The second notice detailed seven categories of alleged offenses against her.  (ECF No. 1, PageID #5; ECF No. 17-3, PageID #148).  Contrary to Plaintiff's arguments, adequate notice does not require a certain timeframe before the hearing; mere minutes is enough.  *See Goss v. Lopez*, 419 U.S. 565, 582 ("There need be no delay between the time 'notice' is given and the time of a hearing.").  Plaintiff received written notices on August 19, 2024 (one day before the scheduled hearing) and August 23, 2024 (two days before the hearing).[4]  Each notice detailed each incident giving rise to each charge.  Thus, Plaintiff received adequate notices of the charges against her and Defendants evidence against her to meet the first and second *Loudermill* requirements.

### 4.  Meaningful Opportunity to Respond

The heart of Plaintiff's claim lies within her right to respond to Defendants allegations and present her side of the story.  Plaintiff alleges that she was denied due process because she had no reasonable opportunity to respond to the disciplinary charges against her with representation.  (ECF No. 1, PageID #11–12).  Plaintiff argues that Defendants did not afford her the opportunity to respond to the charges after Defendants "aborted" the pre-disciplinary hearing held on August 26, 2024.  (*Id*. at PageID #11).  Defendants argue that Plaintiff received a meaningful opportunity to dispute Defendants evidence.  According to Defendants, Plaintiff had an opportunity to provide a written statement and/or appear in person at the pre-disciplinary conference. (ECF No. 20, PageID #176–77; ECF No. 17-4).   Nonetheless, Plaintiff spends multiple pages explaining how

---

[4] As detailed in Section IV(A)(4), Plaintiff's allegations further undermine the claim that she did not receive adequate notice of the seventh charge.  Plaintiff alleges that she had a written factual statement which she planned to use to address the seventh charge at the pre-disciplinary hearing conference.  (ECF 1, PageID #7; ECF No. 1-2, PageID #28–29).  Based on Plaintiff's representations, it is difficult for the Court to conceive that Plaintiff did not have adequate notice under *Loudermill*.

Defendants failed to follow the Discipline Policy, which "ultimately deprived [Plaintiff] of her entitlement to a fairly administered *Loudermill* hearing with her chosen 'representation' present."  (ECF No. 27, PageID #275).

Contrary to Plaintiff's assertion, a county policy set forth by a municipality that allows an employee to have representation at a pre-disciplinary hearing does not automatically create the same right under the Due Process Clause.  As Plaintiff points out, "[f]ederal law sets forth the minimum guarantees."  (*Id.* at PageID #277).  This is true: the Sixth Circuit recognizes that "[t]he Due Process Clause … sets only the floor or lowest level of procedures acceptable."  *Flaim v. Med. Coll. of Ohio*, 418 F.3d 629, 636 (6th Cir. 2005); *see also Koessel v. Sublette Cnty. Sheriff's Dep't*, 717 F.3d 736, 748 (10th Cir. 2013) (denying employee's due process argument that state actor went above *Loudermill* requirements and holding that "*Loudermill* establishes a floor for pretermination hearings—notice and an opportunity to respond—rather than a ceiling.").

While states may create additional procedural safeguards that exceed the federal requirements, a violation of those safeguards does not inherently create a federal constitutional claim.  *See Coles v. Erie Cnty.*, 629 F. App'x 41, 43 (2d Cir. 2015).  The Sixth Circuit's discussion in *Harrill v. Blount Cnty., Tenn.* is instructive:

> If states could vary these federal constitutional rights by statute or local ordinance, the federal constitutional law … would vary from state to state and from city to city. The violation of a right created and recognized only under state law is not actionable under § 1983.

55 F.3d 1123, 1125 (6th Cir. 1995).[5]

---

[5] The same logic applies to Plaintiff's allegations that Defendants wrongfully required Plaintiff to come out of paid status to continue the pre-disciplinary hearing.

11

Put plainly, state statutes and local ordinances cannot expand federal constitutional rights. *Id.*; *see also Smith v. City of Mobile*, No. CV-16-00478, 2017 WL 6345804, at *2 (S.D. Ala. Dec. 12, 2017). Thus, the question is not whether Defendants violated the Discipline Policy, but whether the Discipline Policy was violated in a way that also violates the Due Process Clause.

To begin with, Plaintiff has no federal constitutional right to representation at a pre-disciplinary hearing. *Speiser v. Engle*, 107 F. App'x 459, 461 (6th Cir. 2004) (holding that the "[employee] would not have been entitled to have his attorney present at a pre-disciplinary hearing" to comport with due process); *See Coats v. Cuyahoga Metro. Hous. Auth.*, No. 78012, 2001 WL 370649, at *6 (Ohio Ct. App. Apr. 12, 2001) ("[D]ue process at a *Loudermill* pretermination hearing does not require a right of representation for the employee."). *Loudermill* requires only that the employee be given oral or written notice of the charges against her, an explanation of the employer's evidence, and a meaningful opportunity to present her side of the story. 470 U.S. at 545–47. Notably, Plaintiff does not cite to any authority indicating otherwise.

That leaves the question of whether the lack of representation prevented her from a "meaningful opportunity" to respond to the charges against her. *Id.* Plaintiff admits that she followed counsel out of the pre-disciplinary conference after counsel left. (ECF No. 1, PageID #7). Plaintiff justifies her exit on her belief that "by throwing her lawyer out of the conference room, Winey was denying Wilder the participation of her chosen 'representation' in the hearing" as permitted under county policy. (*Id.*). But according to Plaintiff, she and counsel had spent time preparing for the pre-disciplinary hearing. (*Id.* at PageID #4). Plaintiff alleges that she and counsel prepared a "written summary of

12

[Plaintiff's] position" on the charges presented.  (ECF No. 1-2, PageID #28).  Plaintiff further alleges that she and counsel came prepared to discuss Plaintiff's "personal account of the underlying facts and [] her lawyer's take on how the law applied to those facts."  (*Id.* at PageID #29).  Indeed, Plaintiff alleges that she was prepared to "read[] her prepared remarks" and respond to any questions posed to her based on her remarks.  (ECF 1, PageID #7).

Based on the preparation efforts alleged, the Court struggles to understand how a lack of representation unconstitutionally hindered Plaintiff from "present[ing] [her] side of the story" to Ms. Winey.  *Loudermill*, 470 U.S. at 546; *Smith*, 2017 WL 6345804, at *3. Defendants held the pre-disciplinary hearing on August 26, 2024, which commenced promptly around 1 p.m., with Ms. Winey, Plaintiff, and her counsel in attendance.  (ECF No. 1-2).  Plaintiff was given adequate notice of the hearing, actually prepared a response to each charge levied against her and attended the hearing to respond.  Yet, preparation in hand, Plaintiff's chose to abandon the hearing.  *See Leary v. Daeschner*, 228 F.3d 729, 744 (6th Cir. 2000) ("[T]he plaintiffs were afforded due process and waived their right to it by refusing to participate in the hearing."), *abrogated on other grounds by EOG Res., Inc. v. Lucky Mgmt., LLC*, 134 F.4th 868 (6th Cir. 2025).  Thus, the Court is satisfied that Plaintiff's allegations demonstrate that she received the process that she was due: written notice (on two separate occasions) before the scheduled hearing, a detailed explanation of Defendants' evidence against her as to each charge, and a meaningful opportunity to respond.

13

## B. Monell Liability

Defendants argue that Plaintiff fails to allege facts sufficient to maintain a claim against Defendant Wayne County.  (ECF No. 20, PageID #170).  Defendants argue several deficiencies, including Plaintiff's failure to allege a real constitutional harm, a particular policy, or custom that caused the alleged injury, that a failure to train resulted in deliberate indifference to constitutional rights, or that Wayne County had a custom of tolerance of or acquiescence to conduct that resulted in her harm.  (*Id.* at PageID #170–71).  In opposition, Plaintiff maintains that "the County Commissioners delegated to [Ms.] Beichler and [Ms.] Winey the authority to make the policy-level decision in carrying out the county's progressive discipline policy" and that they had final policymaking authority.  (ECF No. 27, PageID #272).  Defendants reply that, as alleged, Ms. Beichler and Ms. Winey's conduct was insufficient to bind Wayne County for purposes of liability under § 1983 because Wayne County is only bound by the party entitled to set the county's employment policy—not simply just employees of the county—regardless of how high ranking they are.  (ECF No. 28, PageID #284).

Under § 1983, "municipal liability is limited to action for which the municipality is actually responsible."  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479–80 (1986); *Stewart v. City of Memphis Tennessee*, 788 F. App'x 341, 344 (6th Cir. 2019).  "They are not vicariously liable under § 1983 for their employees' actions."  *Stewart*, 788 App'x at 344 (citing *Connick v. Thompson*, 563 U.S. 51, 60 (2011)).  When a plaintiff seeks to hold a municipality liable under § 1983, they must allege that the injury was caused by an official policy, custom, or decision.  *See Gambrel v. Knox Cnty., Kentucky*, 25 F.4 391, 408 (6th Cir. 2022) ("When a municipal employee harms a private party, therefore, that party must

14

connect the employee's conduct to a municipal 'policy' or 'custom.'"). The Sixth Circuit has recognized four avenues to demonstrate a policy or custom: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations." *Stewart*, 788 App'x at 344 (citing *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014)).

Plaintiff does not allege that the county discipline policy is in and of itself illegal, that Wayne County inadequately trained or supervised either Ms. Beichler or Ms. Winey, or that Wayne County has a custom of tolerance of federal rights violations. Instead, Plaintiff's focus is on the policy that allows representation at a pre-disciplinary hearing and Ms. Beichler and Ms. Winey's conduct before the suspension. Plaintiff argues that Ms. Beichler and Ms. Winey "were charged with executing the County Commissioners' policy on progressive discipline" and required to investigate and conduct pre-disciplinary hearings in accordance with county policy. (ECF No. 27, PageID #271). Plaintiff also argues that Ms. Beichler and Ms. Winey had final policymaking authority. (*Id.* at PageID #272). Albeit unclear, based on these allegations, it appears that Plaintiff is attempting to establish the existence of an official policy with the second avenue: that an official with final decision-making authority ratified illegal actions.

But "municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials *responsible for establishing final policy*." *Pembaur*, 475 U.S. at 483 (emphasis added). Not every decision implicates § 1983 liability. *Id.* at 481. Nor does

the fact that an official holds discretion in a decision automatically give rise to municipal liability for exercise of such discretion. *Id.* at 482. To hold the municipal liable, "[t]he official must also be responsible for establishing final government policy" of the subject activity. *Id.* at 482–83. While Plaintiff argues in opposition that Ms. Beichler and Ms. Winey had policymaking authority, Plaintiff does not make such allegations in the complaint. (ECF No. 27, PageID #272). Plaintiff also fails to allege sufficient facts for ratification of illegal conduct given the Court's determination that Plaintiff has not adequately alleged a procedural due process violation. Thus, Plaintiff's complaint fails to allege facts sufficient to state a claim against Wayne County.

### C. Declaratory Relief

In tandem with the alleged constitutional violation, Plaintiff raises an action for declaratory relief in count two of the complaint. (ECF No. 1, PageID #13). Plaintiff requests that the Court declare Defendants "findings" in support of the two-day suspension void *ab initio* and order the "findings" to be purged from Plaintiff's personnel files. (*Id.* at PageID #15). Plaintiff further seeks a declaration that "[D]efendants … reconvene a *Loudermill* hearing." (ECF No. 27, PageID #276). In support of dismissal, Defendants interpret Plaintiff's allegations to ultimately seek a name-clearing hearing, which Defendants argue that Plaintiff failed to allege sufficient facts to support. (ECF No. 20, PageID #180–81).

The Declaratory Judgment Act, codified at 28 U.S.C. § 2201, allows federal courts to issue a judgment declaring the rights and legal relationships of the parties, but it does not provide an independent cause of action. *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). "A

16

request for declaratory judgment must accompany the substantive claim for which declaratory judgment is sought." *Days Inn Worldwide, Inc. v. Sai Baba, Inc.*, 300 F. Supp. 2d 583, 592–93 (N.D. Ohio 2004) (citation omitted). This is because a declaratory judgment is a remedy and not an independent claim. *Kaplan v. Univ. of Louisville*, 10 F.4th 569, 587 (6th Cir. 2021) ("Injunctive relief is not a cause of action, it is a remedy") (internal quotation marks and citation omitted). As the Court has held, Defendants did not allege facts sufficient to show that Defendant violated Plaintiff's constitutional right to due process. Given that Plaintiff's constitutional claim in count one fails, Plaintiff's claim for declaratory relief also fails because it cannot survive as a standalone claim.

## V.   CONCLUSION

Accordingly, Defendants motion to dismiss is hereby **GRANTED** and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Dated: May 15, 2026

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**